C. R. DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10,299.   Promulgated March 8, 1928.

Stanley Jackson, Esq., for the petitioner.
J. W. Fisher, Esq., for the respondent.

OPINION.

TRUSSELL: The record in this case clearly establishes that during all the period from 1919 to 1922, inclusive, and since that time, the petitioner and his wife had each drawn from the Wisconsin Furniture Co. the compensation designated and authorized by said company and have each treated the same as their separate income and separate property. All the facts disclosed convince us that during those years there existed a clear and definite agreement between husband and wife as to the character and the exclusive possession and use of such salaries and that such agreement has been continuously in existence and continuously acted upon by each of them. The Board has heretofore had similar situations under consideration in the *Estate of George W. Randall,* 4 B. T. A. 679; *Frank E. Wall,* 4 B. T. A. 915; *Louis Gassner,* 4 B. T. A. 1071; *Harry S. Goldberg,* 4 B. T. A. 1073; *Leon Salomon,* 4 B. T. A. 1109; and *Hyman Levine,* 8 B. T. A. 298. The opinions and decisions of the Board in those cases are controlling here. The wife's compensation for the year 1922 should not have been added to the petitioner's income.

*Judgment will be entered for the petitioner.*